# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| KIM SOULE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-01031-DGK |
| | ) | |
| LANGLEY RECYCLING, INC., | ) | |
| and JOHN LANGLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO REMAND

This lawsuit arises after Defendant Langley Recycling, Inc. ("Langley Recycling") and its owner, Defendant John Langley, fired Plaintiff. Plaintiff alleges Langley Recycling discriminated and retaliated against her, in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq.*, and that Mr. Langley disseminated private sexual images of her without her consent, in violation of Mo. Rev. Stat. § 573.110.

Now before the Court is Plaintiff's motion to remand (Doc. 7), arguing the Court lacks subject matter jurisdiction. Because the forum defendant—Langley Recycling—was not served at the time of removal, the motion is DENIED.

**Background**

Plaintiff's Complaint alleges Langley Recycling hired her as Mr. Langley's assistant. About a month after being hired, Plaintiff and Mr. Langley engaged in a romantic, sexual relationship. Mr. Langley told Plaintiff about prior sexual relationships he had with some of his former assistants. He told her that when those relationships ended, he fired the assistants. Based on those conversations, Plaintiff was concerned that if she did not maintain a relationship with

Mr. Langley, she would be fired. This fear was exacerbated by Mr. Langley's threats to fire her when the couple got into arguments.

At some point during Plaintiff's employment, Mr. Langley sent Plaintiff nude photos and requested she do the same. Plaintiff alleges she was not comfortable sending sexually explicit photos, but after Mr. Langley pressed her and promised not to share the photos, she obliged. Despite his promise, Mr. Langley later sent the explicit photos of Plaintiff to another man without her consent.

After this incident, the couple broke up, and Mr. Langley terminated Plaintiff's employment with Langley Recycling soon after. He also posted at least one sexual photo of Plaintiff on the internet without her consent.

On November 21, 2019, Plaintiff filed suit in the Circuit Court of Jackson County, Missouri. Her Complaint asserts two claims of discrimination and retaliation under the MHRA against Langley Recycling, and one count nonconsensual dissemination of private sexual images against Mr. Langley. Eight days after the lawsuit was filed, Mr. Langley was served. And although Plaintiff attempted to serve Langley Recycling by mail at the same time as Mr. Langley, the tracking information was lost, and Langley Recycling was not served until almost a month-and-a-half later—on February 10, 2020.

In the interim, on December 26, 2019, Mr. Langley removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332 (Doc. 1). Plaintiff is a Connecticut citizen, Defendant Langley is a Kansas citizen, and Defendant Langley Recycling is a Missouri corporation with its principal place of business in Missouri. Plaintiffs request this Court remand the case, arguing that removal was improper because Langley Recycling is a forum defendant.

**Standard**

Under 28 U.S.C. § 1332(a), the Court has original jurisdiction over cases where the parties are citizens of different states and the amount in controversy exceeds $75,000. A defendant normally may remove an action from state court where the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). But the power to remove is subject to an exception found in 28 U.S.C. § 1441(b)(2) known as the "forum-defendant rule." This rule prohibits an action from being removed to federal court if any defendant "properly joined and served" is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). The forum-defendant rule is jurisdictional and cannot be waived. *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005).

**Discussion**

Plaintiff argues that removal was improper because "Defendant Langley Recycling, Inc.'s citizenship, whether served or unserved, must be considered," and therefore all the prerequisites to removal cannot be met. Pl.'s Mot. to Remand at 3 (Doc. 7). Mr. Langley concedes that Langley Recycling is a citizen of Missouri but argues that because Langley Recycling was not served prior to removal, removal is not barred under the plain language of § 1441(b)(2).

As this Court has noted in a prior decision, courts are split on how to interpret the "properly joined and served" language of § 1441(b)(2). *See Simon v. Liberty Mut. Fire Ins. Co.*, No. 4:17-CV-0152-DGK, 2017 WL 6209705, at *5 (W.D. Mo. Dec. 8, 2017) (analyzing the variety of approaches taken in interpreting § 1441(b)(2)). "Some have read the text strictly and permitted removal any time before a forum defendant has been served." *Id.* (citing *Mikelson v. Allstate Fire and Cas. Ins. Co.*, No. 4:16-cv-01237-RK, 2017 WL 634515, at *4–5 (W.D. Mo. Feb. 16, 2017)); *Wallace v. Tindall*, No. 4:09-CV-00775-FJG, 2009 WL 4432030 (W.D. Mo., Nov. 30, 2009). Others have adopted a narrow exception, remanding only egregious cases where an out-of-state

defendant has, in an act of gamesmanship, monitored the state court docket and removed the case before service to any defendant had occurred. *See, e.g.*, *Perfect Output of Kansas City, LLC v. Ricoh Americas Corp., et al.*, No. 4:12-CV-0189-SOW, 2012 WL 2921852, at *2 (W.D. Mo. July 17, 2012); *Prather v. Kindred Hosp.*, No. 4:14-CV-0828-FJG, 2014 WL 7238089, at *3 (W.D. Mo. Dec. 17, 2014). The remainder have concluded the statute "should be read to preclude removal anytime a forum defendant has been named, regardless of whether the forum defendant has actually been served." *Simon*, 2017 WL 6209705, at *5 (citing *Travers v. Five Below, Inc.*, No. 4:17-CV-1274-CEJ, 2017 WL 2813320, at *2–3 (E.D. Mo. June 29, 2017)).

In this case, Mr. Langley waited some twenty-seven days after he was served before removing the case, so the Court need not decide whether it would recognize a narrow exception for those cases where an out-of-state defendant has removed the case as an act of gamesmanship. The only question is whether § 1441(b)(2) allows a served, out-of-state defendant to remove a case when a forum defendant has been named in the suit but not yet served. The Court finds it does.

"In the usual case, if [a] statute's language is plain, the sole function of the courts is to enforce it according to its terms, without reference to its legislative history." *Owner–Operator Indep. Drivers Ass'n v. United Van Lines, LLC*, 556 F.3d 690, 693 (8th Cir. 2009) (internal quotation marks omitted) (quoting *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241 (1989)). Section 1441(b)(2) provides that an action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is bought." This language is clear and unambiguous. A party must be both joined *and* served for that party's status as a forum defendant to prevent removal. *See Graham v. CIOX Health, LLC*, No. 18-3467, 2020 WL 1179712, at *2 (8th Cir. Mar. 12, 2020) (holding that "'and' should be

given 'its ordinary plain meaning as a conjunctive.'") (quoting *Stiers v. Dir. of Revenue*, 477 S.W.3d 611, 615 (Mo. banc 2016)).

Of course, the Eighth Circuit has recognized two narrow exceptions to the general rule that the plain language of statute must prevail: 1) where there is an unintended result coupled with a compelling indication of the drafters' contrary intent, or 2) where a scrivener's error produces an absurd result. *Owner-Operator Indep. Drivers Ass'n*, 556 F.3d at 693. But neither of those exceptions apply in this case. To be sure, the drafters did not clearly express an intent that the "joined and served" language would bar an out-of-state defendant from removing an action where a forum defendant is joined but not served. The Court also cannot say that grounding the operation of § 1441(b)(2) on the timing of service is an absurd result. Thus, under the plain language of the statute, removal in this case is proper.

## Conclusion

The Court holds that § 1441(b)(2) must be enforced according to its plain language. Langley had the power to remove the case because service had not been effectuated on the forum defendant, Langley Recycling, at the time of removal. Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

Date:  March 18, 2020          /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT